## Penna. Schuylkill Val. R. R. Co. *v.* P. & R. R. R. Co., Appellants.

*Railroads—Crossings—Injunction—Act of April* 19, 1871.

Plaintiff, a railroad company, located a branch extending from its main line across defendants' railroad to two manufacturing establishments. Having condemned the necessary land and begun active work, plaintiff filed a bill asking for an injunction to restrain defendants from obstructing the construction of the grade crossing. The court refused a prelimi-

nary injunction, but allowed plaintiff, on filing a bond to secure defendants from loss, " to construct a temporary crossing to be used only for construction purposes." *Held*, that, as the Supreme Court was not satisfied that there was error in such decree, and as no irreparable mischief could be done to defendants until the case could be disposed of on final hearing, the decree would not be disturbed.

Argued Feb. 20, 1892. Appeal, No. 179, July T., 1892, by defendants from decree of C. P. Berks Co., No. 512, 1890, equity docket, for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Bill in equity to restrain defendants from preventing the construction of a grade crossing.

The bill averred that plaintiffs had located two branch railroads from their main line, crossing at grade defendants' tracks and extending to two manufacturing establishments ; that in the construction of one of the branches it was not reasonably practicable to avoid a grade crossing; that they had been unable to agree with defendants upon the terms of the crossing ; that the defendants objected to the making of the said grade crossing, and proposed forcibly to resist the making of the same, and unless restrained irreparable injury would be done to plaintiffs.

The bill prayed for an injunction, preliminary until hearing and perpetual thereafter, restraining defendants from in any wise interfering with the construction by plaintiffs of the said crossing, and general relief.

The court refused the injunction prayed for. Subsequently plaintiffs presented a petition in which they averred that they had condemned land and were excavating, grading and laying tracks for the branches described in the bill, but that their work was retarded because they had no crossing over defendants' tracks to move construction material by means of cars. The petition prayed for an injunction restraining defendants from interfering with the construction by plaintiffs of a crossing.

The court, ERMENTROUT, P. J., made the following order : " And now, July 6, 1891, the foregoing petition having been presented and duly considered, the court refuse to award a preliminary injunction as prayed for, but allow the plaintiff to construct a temporary crossing, to be used only for construction

purposes, and plaintiffs to be limited to the passing and repassing thereon of not more than two construction trains each day, the said trains to be moved at such times as not to interfere with defendants' trains and use of their road.   Plaintiffs, at their own expense, to have a watchman at crossing to prevent accidents, and defendants are enjoined from in anywise interfering with the construction and use of the crossing as aforesaid.   Plaintiffs, before constructing such crossing, to file a bond in the sum of $1,000, with approved sureties, for the securing to the defendants the payment of such damages as they may be entitled to."

*Error assigned* was above order, quoting it.

*George F. Baer, Jefferson Snyder* with him, for plaintiffs.— The court adjudged against the claim of plaintiffs and expressly refused an injunction, thereby deciding that plaintiffs were not entitled to the relief for which they prayed, until final hearing, but, for the purpose of enabling plaintiffs cheaply and expeditiously to construct a railroad which they had no right to construct, defendants are restrained from protecting their own tracks.   This action of the court is without precedent and without justification: Minnig's Ap., 82 Pa. 376 ; Penna. S. V. R. R. v. P. & R. R. R., 7 Pa. C. C. R. 490 ; Phila. & Erie R. R. v. Catawissa R. R., 1 Walker, 81.

*Cyrus G. Derr,* for appellees, cited Phila. & Erie R. R. v. Catawissa R. R., 1 Walker, 81 ; Pitts. & C. R. R. v. S. W. Ry., 77 Pa. 186 ; Balt. & Phila. R. R. v. P. W. & B. R. R., 17 Phila. 396.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

We are not satisfied there was any error in making the interlocutory order from which this appeal was taken.   The controlling question in the case cannot be properly disposed of until final hearing on bill, answer and proofs.   In the meantime, no irreparable mischief can be done to defendants.

Decree affirmed and appeal dismissed, with costs to be paid by appellants, without prejudice to the rights of said appellants as they may appear on final hearing. .